IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELBERT ZEIGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09cv284-WHA |
| | ) | (WO) |
| ALABAMA DEPARTMENT OF HUMAN | ) | |
| RESOURCES, PAUL MCLENDON, and | ) | |
| LESTER THOMAS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the court on Plaintiff Elbert Zeigler's ("Zeigler") Motion in Limine Regarding After-Acquired Evidence (Doc. #55).

This Motion concerns evidence regarding false statements that Zeigler made on his employment application with the Alabama Department of Human Resources ("ADHR"). On January 4, 2006, Zeigler completed and signed an employment application when he applied for employment with ADHR. In that application, Zeigler indicated that he had a high school diploma or GED, that he had not been involuntarily terminated, discharged, or forced to resign from any job, and that he had not been convicted of a misdemeanor or felony crime. During his deposition for this lawsuit, on September 24, 2009, Zeigler admitted that he did not have a GED or high school diploma, that he had two criminal convictions, and that he had been terminated from more than one previous job. This was the first time that Defendants became aware of these facts, and the first time that they became aware that he misrepresented these facts on his employment application.

In this Motion, Zeigler seeks to exclude evidence concerning the fact that he has been convicted of multiple felonies, has no high school degree, has been terminated from multiple jobs in the past, and has misrepresented these facts on his job application with ADHR.  Zeigler argues that these facts are not relevant and should be excluded under Federal Rule of Evidence 401 and 402.  Zeigler also argues that even if the facts are relevant, the probative value is substantially outweighed by the prejudicial affect and should be excluded under Federal Rule of Evidence 403.

In response, the Defendants argue that the evidence is relevant and admissible for two purposes.  First, the Defendants contend that the evidence is relevant in determining the amount of damages that Zeigler may recover if the jury finds for him on the retaliatory discharge claim. Defendants intend to offer testimony establishing that ADHR would not have hired Zeigler had it known about his false statements and/or would have discharged him at the time that it became aware of the false statements on his application.  The Defendants further contend that, under the "after acquired evidence" rule, this testimony, if believed by the jury, would limit the back pay to the period of time from the date of the discharge to the date that the after acquired evidence was discovered.  *See McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 354-63 (1995); *Wallace v. Dunn Const. Co., Inc.*, 62 F.3d 374, 379 (11th Cir. 1995) (en banc).

 At the pretrial conference, the parties discussed the admissibility of Zeigler's misrepresentations on his employment application for the purpose of limiting the amount of recoverable back pay.  Both parties indicated that they may be able to stipulate to the amount of back pay that Zeigler could recover should the jury find in his favor on the retaliatory discharge claim.  In fact, Zeigler has represented to the court that the parties have agreed to stipulate that

Zeigler does not seek front pay or reinstatement, that the after-acquired evidence rule bars his damages for back pay and benefits after the date of his deposition by Defendants' counsel, and that the amount of recoverable back pay is $43,469.68.  (Doc. #64 at 3.)  Defendants have also represented to the court that they are working with Zeigler to reach an agreement on a stipulation regarding the recoverable amount of back pay. (Doc. #53 at 5.)  Nonetheless, the parties have not yet entered any such stipulation.  Considering the likelihood that a stipulation concerning the admissibility of the after-acquired evidence for the purpose of limiting damages is forthcoming, the court will reserve ruling on that issue.

The Defendants also contend that Zeigler's employment misrepresentations are admissible under Federal Rule of Evidence 608(b).  In particular, Defendants argue that, should Zeigler testify, they are entitled to cross-examine him about the false statements that he made on his employment application because these statements are probative of untruthfulness.

The court agrees that, if Zeigler places his credibility at issue in testifying, the Defendants should be able to cross-examine him about the false statements that he made on his employment application.  Federal Rule of Evidence 608(b) provides:

> **(b) Specific instances of conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Zeigler's false statements on his employment application concerning his past convictions, high school degree, and job terminations , which he certified to be true, are probative of

3

untruthfulness, and may be inquired into during Zeigler's cross-examination.  *See Vichare v. AMBAC Inc.*, 106 F.3d 457, 467-68 (2d Cir. 1996) (affirming admission of after-acquired evidence of employee's alleged misconduct to impeach employee's credibility under Rule 608(b)); *United States v. Carlin*, 698 F.2d 1133, 1137 (11th Cir. 1983) (affirming admission of evidence under Rule 608(b) that defendant was not truthful on his application for two used car dealer licenses); *United States v. Cole*, 617 F.2d 151, 153 (5th Cir. 1980) (holding that the cross-examination of defendant concerning his submission to former employer of false excuse for being absent from work is admissible under Rule 608(b)); *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 462-63 (S.D.N.Y. 1988) (employment applications carry an obligation for truthfulness, such that falsehoods thereon may be probative of a lack of credibility under Rule 608(b)).

The court recognizes that Federal Rule of Evidence 608(b) is subject to the exclusion of evidence whose "probative value is substantially outweighed by the danger of unfair prejudice. . . ."  Fed. R. Evid. 403; *United States v. Costa*, 947 F.2d 919, 922-23 (11th Cir. 1991).  Zeigler argues that the after-acquired evidence should be excluded under Rule 403.  The court cannot agree.   While evidence that Zeigler submitted false statements on his employment application carries some danger of prejudice, this prejudice does not substantially outweigh the probative value of the evidence.  Should Zeigler choose to testify, his truthfulness will play a material role in the case.  In addition, the probative value of the evidence is enhanced considering the misrepresentations occurred fairly recently (January 4, 2006) and were made directly to ADHR,

a defendant in this lawsuit.  The court is satisfied that a limiting instruction will ensure that the

after-acquired evidence will not be used improperly.[1]

Accordingly, Plaintiff's Motion in Limine Regarding After-Acquired Evidence (Doc.

#55) is DENIED to the extent set out in this Order.

Done this 16th day of June, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Because the court has determined that the after-acquired evidence may be used to impeach Zeigler's credibility on cross-examination under Rule 608(b), and such evidence should not be excluded under Rule 403, the court necessarily rejects Zeigler's argument that the evidence should be excluded under Federal Rules of Evidence 401, 402, 404, and 609;  the evidence is relevant to impeach Zeigler's credibility, the evidence does not constitute improper character evidence, and the Defendants have not sought to admit Zeigler's convictions under Rule 609.