IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELBERT ZEIGLER,           ) | |
| )  | |
| Plaintiff,           ) | |
| )  | CASE NO. 2:09cv284-WHA |
| v.           ) | (WO) |
| )  | |
| ALABAMA DEPARTMENT OF HUMAN           ) | |
| RESOURCES, PAUL MCLENDON, and           ) | |
| LESTER THOMAS,           ) | |
| )  | |
| Defendants.           ) | |

## ORDER

This case is before the court on Defendants the Alabama Department of Human Resources ("ADHR"), Paul McClendon, and Lester Thomas's (collectively "Defendants") Motion in Limine (Doc. #52).

In this Motion, Defendants seek to exclude any evidence related to Chad Nelson's complaint to ADHR's Office of Civil Rights/Equal Employment (CR/EE) regarding an incident of sexual harassment that occurred on or about September 25, 2007. The Defendants do not, however, seek to exclude the fact that Nelson filed a complaint or that Zeigler supported Nelson in his complaint. Defendants argue that the evidence is not relevant under Fed. R. Evid. 402, and even if the evidence is relevant, it should be excluded under Fed. R. Evid. 403.

In response, Zeigler argues that the evidence is admissible to show the Defendants' intent, motivation, plan and/or scheme in taking the alleged retaliatory actions against Zeigler based upon his participation in statutorily protected activity.

As a threshold matter, the Defendants' Motion in Limine does not identify what information related to the sexual harassment investigation is not relevant to the retaliation claims

in this case. It does not appear that the Plaintiff has offered any exhibits addressed to this issue. Accordingly, the court addresses Defendants' general arguments for excluding evidence relating to the sexual harassment investigation.

The court cannot agree that the only relevant and admissible evidence is the simple fact that Nelson filed a complaint and Zeigler supported Nelson in his complaint. To prove that the alleged adverse employment action is causally related to Zeigler's participation in statutorily protected activity, Zeigler must show at trial that his participation in that investigation was a substantial, motivating cause in the Defendants' decision to assign him to work in the mailroom.

Zeigler's Trial Brief contends that multiple facts may be relevant to this retaliation claim beyond the mere fact that he filed a complaint and supported Nelson in the investigation. According to the brief, those facts may include the following: (1) Defendant Thomas tried to discourage Nelson, the black victim in the sexual harassment investigation, from making a formal complaint, although as characterized by Plaintiff's counsel, Thomas stated that he would have had the black employee led away in handcuffs to the police station if the complaint had been made by the white employee; (2) Thomas ordered Zeigler to work in the mailroom with the white employee responsible for the sexual harassment during the investigation of the incident; (3) Zeigler complained to Thomas that working with the white employee made him uncomfortable; and (4) Thomas required Zeigler to continue to work with the white employee until she was terminated due to her sexual harassment.

This is a retaliation claim asserted against the Department under Title VII and against the individuals under 42 U.S.C. § 1983, based on engaging in a protected activity, not a racial discrimination claim. Evidence on these claims must be relevant to show an intent to retaliate

2

against Zeigler because he supported a claimant in a sex discrimination claim, not in a race discrimination claim.  Although for purposes of the § 1981 claim, as asserted through § 1983, there must be a connection to race, Zeigler has merely stated the races of the parties involved in the sexual harassment claim.  The mere evidence of the races of the parties involved, without more, is not sufficient to make their race relevant to this claim.

The court does find that there may be some relevance to evidence that Thomas discouraged Nelson from making a formal complaint, that after Nelson made the complaint Zeigler supported him in it, that Thomas then ordered Zeigler to work in the mailroom with the employee accused of harassing Nelson, and that he required Zeigler to continue to work with her until she was discharged due to her sexual harassment of Nelson.

Therefore, the Motion in Limine is SUSTAINED as to evidence of race of the parties involved, subject, however, to reconsideration if the Plaintiff establishes a basis for admissibility outside the presence of the jury.  The Motion is OVERRULED to the extent set out in this Order.

DONE this 18th day of June, 2010.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES JUDGE